# Sage Legal LLC

**18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc**

March 26, 2026

**VIA ECF**
United States District Court
Southern District of New York
Attn: Hon. Arun Subramanian, U.S.D.J.
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

>        *Re:*    **Julia Valler Inc v. Shek,** *et al.*
>               **Case No.: 1:26-cv-15 (AS) (VF)**

Dear Judge Subramanian:

This firm represents the Plaintiff in the above-referenced case. Plaintiff respectfully submits this letter motion for an extension of time of sixty (60) days to serve the Defendants. For the reasons set forth below, this Court should exercise its discretion in favor of granting the requested extension.

## Legal Standard

Rule 4 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") provide: "[i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. See Fed. R. Civ. P. 4(m).

## Relevant Procedural History and Facts

On January 2, 2026, Plaintiff commenced this case against the Defendants. See ECF Docket Entry 1. On January 5, 2026, the Clerk of the Court issued a summons for the Defendants. See ECF Docket Entry 5.

On January 14, 2026 and January 15, 2026, process servers attempted to serve Defendants with service of process but were unable to do so. See ECF Docket Entry 7. As a result, Plaintiff ordered a skip trace report on Defendant in order to ascertain Defendants' whereabouts to serve her. In mid-January, one Leonid Greenberg, Esq. ("Greenberg") with an office in Baton Rouge, LA reached out to your undersigned to discuss the claims. Plaintiff inquired as to whether Greenberg would accept service; Greenberg declined to do so. Plaintiff's process server company has not been able to serve Defendants, and Greenberg is refusing to accept service.

In light of the foregoing, and for the reasons argued below, an extension of time is warranted for Plaintiff to serve Defendants or, alternatively, move for an Order authorizing alternate service upon Defendants by and through their counsel.

Hon. Arun Subramanian, U.S.D.J.
United States District Court
Southern District of New York
March 26, 2026
P a g e | 2

## **There Exists Good Cause for an Extension of Time to Serve Defendants**

"[A] discretionary extension analysis begins with an examination of exceptional circumstances that might have obstructed a plaintiff's diligent attempts at service." See Spinale v. United States, No. 03-CV-1704 (KMW) (JCF), 2005 WL 659150, at *4 (S.D.N.Y. Mar. 16, 2005). "Courts in this district have granted discretionary extensions where the service failure was due to inadvertence and the plaintiff otherwise displayed due diligence." Id. (citation omitted).  Indeed, district courts may extend the deadline under Rule 4(m) in the absence of good cause. See Buon v. Spindler, 65 F.4th 64, 75 (2d Cir. 2023) (citing Zapata v. City of New York, 502 F.3d 192, 196 (2d Cit. 2007)).  Courts often even extend the deadline to serve Defendants *nunc pro tunc* even if they are served late.  See, e.g., Zapata v. City of New York, 502 F.3d 192, 198 (2d Cir. 2007) (courts may extend time for service if there is "some colorable excuse for neglect"); Astoria General Contracting Corp. v. Office of the Comptroller of the City of New York, 2016 WL 3144059 (S.D.N.Y. Apr. 12, 2016) (extending service deadline *nunc pro tunc*).

Here, Plaintiff has displayed due diligence in attempting to serve Defendants by hiring a process server and seeking the waiver of service from counsel who contacted Plaintiff on behalf of Defendants.  Regrettably, Plaintiff has been stymied from serving Defendants due to their willful evasion of service despite the fact they demonstrably have notice of this lawsuit.  As a result, Plaintiff has satisfied the good cause standard for an extension of time to serve Defendants.

Consistent with ¶ 3(E) of this Court's Rules, Defendants respectfully submit that:

(1) the original date service must be completed upon Defendants is Thursday, April 2, 2026;

(2-3) there have been no previous requests for an extension of time of the deadline to serve Defendants;

(4) the reason for the requested extension is set forth *supra*;

(5) Defendants have not appeared in this case and their consent has therefore not been sought; and

(6) the docket currently reflects April 9, 2026 at 3:00 PM as the parties' next scheduled appearance before the Court, albeit for a telephonic initial conference.

In light of these circumstances, Plaintiff thus respectfully requests that this Court exercise its discretion in favor of granting the requested extension.  See Fed. R. Civ. P. 4(m).

Plaintiff thanks this honorable Court for its time and attention to this case.

2

Hon. Arun Subramanian, U.S.D.J.
United States District Court
Southern District of New York
March 26, 2026
P a g e | 3

Dated:  Jamaica, New York
        March 26, 2026

The 60-day extension of time to serve is
GRANTED. The Initial Pre-Trial Conference
is rescheduled to Friday, June 5, 2026, at 3
p.m. The dial in instructions remain the same.
The Clerk of Court is respectfully directed to
terminate the motion at ECF No. 8.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: March 27, 2026

Respectfully submitted,

**SAGE LEGAL LLC**
 _/s/ Emanuel Kataev, Esq._
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiff*
*Julia Valler Inc.*

3